IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT E. DICKSON, | ) |
| Plaintiff, | ) Civil No. 10-49 |
| | ) Judge Sean J. McLaughlin |
| v. | ) |
| U.S. POSTAL SERVICE, | ) |
| Defendants. | ) |

McLAUGHLIN, SEAN J., J.

## MEMORANDUM ORDER

This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons which follow, this action is dismissed.

## I.  BACKGROUND

Proceeding *pro se,* Plaintiff, Herbert E. Dickson ("Plaintiff") filed the instant Petition for Writ of Mandamus ("Petition") against the United States Postal Service ("Defendant") pursuant to 28 U.S.C. § 1361. Plaintiff also filed a motion to proceed *in forma pauperis*. In his Petition, Plaintiff asserts that he has a right "to not receive US Postal Service Mail" and that Defendant has subjected him to harassment by continuing to deliver his mail and by marking his mail "refused." (Petition, p.1). Construing his Petition liberally, Plaintiff appears to argue that, because he receives and pays his bills online, rather than by using the U.S. Postal Service, the Postal Service is obligated to stop delivering any mail to him upon his request. (Petition, p. 2). He states that the Postal Service is attempting to "bully [him] into submission" by delivering his mail and recounts numerous conversations that he had with Postal Service officials wherein he contends they treated him with a

"contemptuous attitude." (Petition, p. 2).

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's suit. Fed.R.Civ.P. 12(b)(1). The plaintiff bears the burden of persuading the court that it has jurisdiction as compared to the burden of defendant under a Rule 12(b)(6) motion of convincing the court that plaintiff has failed to state a claim. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3rd Cir. 1991), cert. denied, 501 U.S. 1222 (1991). If a court concludes that it does not have subject matter jurisdiction over a case, it must dismiss the action. See Robinson v. Dalton, 107 F.3d 1018, 1020 (3rd Cir. 1997).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3rd Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3rd Cir. 2004) (citing Morse v. Lower Merion

School Dist., 132 F.3d 902, 906 (3rd Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In other words, at the motion to dismiss stage, a plaintiff is "required to makes a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469 (D. Del. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3rd Cir. 2008)). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 555 n.3).

Because Plaintiff is proceeding *pro se*, his complaint must be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers[.]'" Brown v. City of Long Branch, No. 09-3632, 2010 WL 1980997 at *2 (3d Cir. May 19, 2010) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Nevertheless, "[t]o survive a motion to dismiss, a complaint – even a pro se complaint –'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Thakar v. Tan, No. 09-2084, 2010 WL 1141397 at *2 (3d Cir. March 25, 2010) (quoting Ashcroft v. Iqbal, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009)). In addition, because this case is proceeding *in forma pauperis,* this Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to dismiss the action "at any time" if the court determines that, among other things, the action is "frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### III. DISCUSSION

Having reviewed Plaintiff's Petition in accordance with the foregoing standards, I find that this action should be dismissed on several bases.

First, Plaintiff has failed to allege that the United States has waived the protections afforded by the doctrine of sovereign immunity. It is well-established that, as a sovereign entity, the United States government "is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). Thus, a court lacks subject matter jurisdiction over an action against the United States unless the United States has waived its sovereign immunity by way of a clear, express and unambiguous waiver. United States v. Nordic Village, 503 U.S. 30 (1992); see also United States v. Mitchell, 463 U.S. 206, 212 (1983) (noting that the United States' consent to be sued is a prerequisite for subject matter jurisdiction). The sovereign immunity doctrine applies equally to agencies of the United States government. FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal government and its agencies from suit."). Thus, as an agency of the United States, the Postal Service is "part of the Government . . . [thus] immun[e] unless there is a waiver" of sovereign immunity. See U.S. Postal Service v. Flamingo Industries, 540 U.S. 736, 744 (2004); Jeffries v. Potter, 2008 WL 2607856, *2-3 (D. Del. 2008).

It is a plaintiff's burden to establish that "an unequivocal waiver of sovereign immunity exists" by pointing to an act of Congress that specifically authorizes a court to entertain a specific claim against the Federal government. Welch v. United States, 409 F.3d 646 (4th Cir. 2005); Alnor Check Cashing v. Katz, 821 F.Supp. 307, 311 (E.D. Pa 1993) ("Any party attempting to sue the United States bears the burden of proving that Congress has waived sovereign immunity.") (citing Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983)). Plaintiff has completely failed to allege any such waiver. As such, this Court lacks jurisdiction to entertain his Petition.

Secondly, even if Plaintiff could establish that the Postal Service had waived sovereign immunity, his Petition would still fail because he has not set forth any claim upon which relief could be granted. The Mandamus Act, Title 28 U.S.C. § 1361, provides that "district courts shall have jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed

to the plaintiff." 28 U.S.C. § 1361; Heckler v. Ringer, 466 U.S. 602, 616 (1984). "The purpose of the Mandamus Act is to permit district courts generally to issue appropriate corrective orders where federal officials are not acting within the zone of their permissible discretion; the writ will issue only where the federal officers are abusing their discretion or acting contrary to law." Lawrence v. United States, 631 F.Supp. 631, 638 (E.D. Pa. 1982) (internal quotation omitted). In order to demonstrate that he is entitled to the remedy of mandamus, a petitioner must establish: (1) a clear and indisputable right to the relief requested; (2) a clear duty on the part of the defendant to perform the act in question; and (3) no other adequate remedy to obtain the desired relief. Lawrence, 631 F.Supp. At 638; see also Murray v. Grondolsky, 2010 WL 548308 (3rd Cir. 2010). As noted by the United States Supreme Court, a mandamus petition is an extraordinary remedy that is available "only if the plaintiff has exhausted all other avenues of relief." Heckler, 466 U.S. at 616.

Here, Plaintiff has failed to identify any authority in his Petition, whether regulatory, statutory, or judicial, to support his contention that he has a "clear and indisputable" right not to have mail delivered by the Postal Service. Nor has he cited any legal authority to establish that the Postal Service has any "duty" to comply with his personal wish not to receive mail. Indeed, Plaintiff fails to cite any law, regulation or statute at all, other than the general standard for mandamus relief. Moreover, his conclusory assertion that he is entitled to not have mail delivered is contradicted by the Postal Service's fundamental statutory duty to "receive, transmit, and deliver throughout the United States . . . written and printed matter, parcels, and like materials . . ." 39 U.S.C. § 403(a). The Postal Reorganization Act of 1970 further mandates that the Postal Service "provide prompt, reliable, and efficient services to patrons in all areas and . . . all communities." 39 U.S.C. § 101. There appears to be no statute or regulation which provides a resident with the right to decline *all* mail service. As such, Plaintiff cannot establish that he has a clear right to the remedy sought or that the Postal Service has any duty to comply with Plaintiff's mail preferences. Consequently, this action is subject to dismissal for failure to state a claim and as a frivolous action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. CONCLUSION

For the reasons set forth herein, Defendant's motion to dismiss the pending Petition for Writ of Mandamus should be granted. Courts in this circuit have been instructed that, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 236 (3rd Cir. 2008). Accordingly, I have reviewed the Petition with an eye toward further factual or legal averments which might cure the deficiencies in the complaint. However, since Plaintiff's allegations suggest no basis for the existence of a viable legal claim, I find that further amendment would be futile.

Accordingly, the following order is entered:

AND NOW, this 5th day of November, 2010, for the reasons set forth herein above,

IT IS ORDERED that Defendant's Motions to Dismiss is GRANTED. Plaintiff's Petition for Writ of Mandamus is DENIED. This action is dismissed.

/s/ Sean J. McLaughlin  
SEAN J. McLAUGHLIN  
United States District Judge

cm: All parties of record.